IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JEANETTE JOHNSON | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00225-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant | * | |

**MEMORANDUM AND ORDER**

Plaintiff has appealed the final decision of Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The only disputed issue in this case is whether Plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental impairment that has lasted twelve months or more and has prevented her from engaging in any substantial gainful

activity. 42 U.S.C. §§ 423 (d)(1)(A), 1382 (c)(3)(A)(B).

Ms. Johnson was fifty-five years old at the time of the administrative hearing. (Tr. 28.) She is a high school graduate and obtained some vocational training. (Tr. 28-28.) She has a strong employment history. (Tr. 125-132)

At issue is whether the ALJ overestimated Ms. Johnson's residual functional capacity. (Pl.'s Br. 23-26.) The ALJ concluded Plaintiff is capable of performing a reduced range of light work. (Tr. 14.) Plaintiff argues the record fails to support such a conclusion. The Court agrees.

The most authoritative evidence on this point is the general physical examination performed by Robert L. Troxel, M.D. (Tr. 594-98.) Dr. Troxel assessed that Plaintiff had limited range of motion in her left knee and right ankle. (Tr. 596.) An objective x-ray supports this conclusion as it revealed "moderate osteoarthritic changes" with her knee. (Tr. 563.) Accordingly, Dr. Troxel concluded Ms. Johnson had "moderate" limitation in her ability to walk, stand, lift, and carry. (Tr. 598.)

After Dr. Troxel evaluated Plaintiff, James Wellons, M.D., reviewed the medical records and completed a Physical Residual Functional Capacity Assessment. (Tr. 604-611.) Dr. Wellons assessed that Ms. Johnson had the residual functional capacity to perform "sedentary" work. (Tr. 611.) In coming to this conclusion, Dr. Wellons recited the medical records supporting his conclusion. (*Id.*)

The ALJ stated, "Dr. Troxel's opinion is vague, providing no specific functional limitations." (Tr. 19.) But this is not correct given the noted limited range of motion in Ms. Johnson's knee and ankle. Additionally, the Commissioner ordered the evaluation by Dr. Troxel. If his conclusion of "moderate" limitation was vague, the ALJ seemingly had a duty to develop the record on that point.

Additionally, the ALJ gave little weight to the conclusion of Dr. Wellons. (Tr. 19.) In doing

so, the ALJ stated that Dr. Wellons's opinion was "inconsistent with the claimant's physical examination findings with Dr. Troxel, which included no sensory abnormalities, normal range of motion of the extremities, no muscle weakness, and normal gait." (Tr. 19.) But as Plaintiff points out, this was not correct. (Pl.'s Br. 24.) Dr. Troxel found limitation in Plaintiff's knee and ankle and she was unable to walk on heel and toes on her right side. (Tr. 596-97.)

Given these points, the Court finds that the decision of the ALJ is not supported by substantial evidence. While counsel for the Commissioner makes some strong arguments in support of her position (Doc. No. 12), the ruling of the Commissioner must be reversed and the matter remanded for further evaluation of Plaintiff's residual functional capacity. On remand the ALJ should develop the record with regard to Dr. Troxel's determination that Plaintiff has "moderate" limitation in her ability to walk, stand, lift, and carry, and reconsider Dr. Wellons's finding that Plaintiff is capable of performing only sedentary work. The ALJ should then determine Plaintiff's residual functional capacity and whether she could actually perform her past relevant work.

Accordingly, this matter is reversed and remanded for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

IT IS SO ORDERED this 20th day of February, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE